IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02225-BNB

WILLIAM A. MAUNZ,

    Applicant,

v.

COLORADO DEPT. OF CORRECTIONS,
SAN CARLOS CORRECTIONAL FACILITY, and
DAVID M. ZUPAN, Warden,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, William A. Maunz, is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Maunz has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 20). The court must construe the application liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Maunz will be ordered to file an amended pleading.

Mr. Maunz is challenging the validity of his conviction in Denver District Court case number 10CR1101. Because Mr. Maunz is challenging the validity of a state court criminal conviction rather than the execution of his sentence, his claims properly are asserted pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, he will be directed to file an

amended pleading on the proper 28 U.S.C. § 2254 habeas corpus form if he wishes to pursue his claims in this action.

Mr. Maunz also must clarify in the amended application the federal constitutional claims he is asserting in this action. Although it is clear that Mr. Maunz believes his constitutional right to a speedy trial was violated, he fails to provide a clear statement of the other constitutional claims he appears to be asserting in this action. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Maunz must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the court will address two pending motions filed by Mr. Maunz in this action. In one of the motions, a "Motion for Extension/Enlargement (Bivens)" (ECF No. 19), Mr. Maunz requests an extension of time because he alleges he is unable to make photocopies of the application. In the other pending motion, a "Motion/Petition for Photocopy of Applicant's Writ of Habeas Corpus Title 28 U.S.C. § 2241" (ECF No. 18), Mr. Maunz asks the court to photocopy the application and mail the copy to Mr. Maunz

because he alleges he could not make a copy for his own records and he submitted the original to the court. The motion for an extension of time will be denied and the motion for a copy of the application will be granted as follows: the clerk of the court will be directed to return to Mr. Maunz the original application filed in this action. However, Mr. Maunz should retain a copy of any documents he files with the court in the future because the court's electronic filing system does not allow the court to maintain paper copies. Furthermore, the court will not provide Mr. Maunz with free photocopies of documents and pleadings he files with the court. Accordingly, it is

ORDERED that Mr. Maunz file an amended pleading on the proper form that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that if Mr. Maunz fails to file an amended pleading that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for Extension/Enlargement (Bivens)" (ECF No. 19) is DENIED and the "Motion/Petition for Photocopy of Applicant's Writ of Habeas Corpus Title 28 U.S.C. § 2241" (ECF No. 18) is GRANTED. It is

FURTHER ORDERED that the clerk of the court mail to Applicant, together with a copy of this order, the original Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 20) filed in this action on December 12, 2012, and a blank copy of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

DATED December 14, 2012, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge