IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02225-BNB

WILLIAM A. MAUNZ,

    Applicant,

v.

DAVID M. ZUPAN, Warden, San Carlos Correctional Facility, CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER

    This matter is before the court on the "Motion for Amended Stay of Proceedings" (ECF No. 42) and "Motion for Extension/Enlargement (Estoppel)" (ECF No. 43) filed *pro se* by Applicant, William A. Maunz. In both motions, Mr. Maunz seeks another extension of time to conduct legal research to respond to Respondents' argument that this habeas corpus action should be dismissed for failure to exhaust state remedies. For the reasons stated below, Mr. Maunz will be provided one more opportunity to file any further reply addressing the exhaustion issue.

    Mr. Maunz is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the San Carlos Correctional Facility in Pueblo, Colorado. On January 18, 2013, Mr. Maunz filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 29) challenging the validity of his state court conviction. Mr. Maunz was convicted by a jury in case number 10CR1101 in the Denver District Court of second degree burglary and third degree criminal trespass, and

he currently is serving a sentence of five years in prison.  (*See* ECF No. 35-1 at 12.)  He specifically asserts two claims for relief in the amended application.  Mr. Maunz first claims that his constitutional right to a speedy trial was violated because, although he was arrested on March 5, 2010, and entered a plea of not guilty on May 4, 2010, his trial did not commence until January 11, 2012.  Mr. Maunz alleges in his second claim that his Eighth Amendment rights were violated because he was subjected to excessive bail and he was tried under duress after being assaulted by a deputy sheriff the day his trial commenced.

Following his conviction, Mr. Maunz filed a direct appeal.  (*See* ECF No 35-1 at 9.)  The case number for the direct appeal is 12CA0728.  The parties agree that case number 12CA0728 remains pending in the Colorado Court of Appeals.  Mr. Maunz also has challenged the validity of his conviction in state court by seeking relief in the Colorado Supreme Court in case number 2012SC877.

On February 12, 2013, the court ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On February 27, 2013, Respondents filed a Pre-Answer Response (ECF No. 35) arguing that the amended application should be denied without prejudice for failure to exhaust state remedies.  Respondents concede that the instant action is timely.

Mr. Maunz asserts in the amended application that he has exhausted state remedies by seeking review in the Colorado Supreme Court in case number 2012SC877.  (*See* ECF No. 29 at 16-17.)  On March 4, 2013, Mr. Maunz filed a Pre-

Answer Response Reply (ECF No. 37) in which he reiterates the argument that he has exhausted state remedies by seeking review in the Colorado Supreme Court in case number 2012SC877. Mr. Maunz also filed on March 4, 2013, a motion for extension of time (ECF No. 38) to file a reply to the Pre-Answer Response and a document titled "Petition/Motion for Question of Law" (ECF No. 36) in which he stated that he was filing a reply prior to receiving the Pre-Answer Response. On March 7, 2013, the court granted Mr. Maunz an extension of time until April 15, 2013, to file a reply to the Pre-Answer Response.

On April 1, 2013, Mr. Maunz filed a Motion for Stay of Proceedings (ECF No. 40) alleging that he is unable to demonstrate he has exhausted state remedies because his request for photocopies of certain statutes was denied by a prison official. On April 2, 2013, the court entered a minute order denying the Motion for Stay of Proceedings because it was "not clear what additional legal research is necessary and the documentation Applicant provides indicates he can resubmit his legal research request." (ECF No. 41.)

On April 11, 2013, Mr. Maunz filed the "Motion for Amended Stay of Proceedings" (ECF No. 42) and on April 19, 2013, he filed the "Motion for Extension/Enlargement (Estoppel)" (ECF No. 43) that now are pending before the court. Mr. Maunz again alleges that he is unable to obtain the legal research materials he needs to demonstrate he has exhausted state remedies because he is locked down twenty-three hours each day and his only access to legal research materials is through written requests. With respect to the legal research material he allegedly has been denied, Mr. Maunz asserts that, although he has received copies of Title 28 U.S.C. §§

3

2201 and higher, he has not been provided with "Title 28 U.S.C. § sections 211-541 that apply to exhaustion of state remedies." (ECF No. 42 at 2.)  Mr. Maunz also reiterates in the April 11 motion his argument that he has exhausted state remedies because he sought review in the Colorado Supreme Court in case number 2012SC877.  (*See id.* at 5, 8-9.)

It still is not clear what additional legal research Mr. Maunz seeks to conduct because the specific statutory sections Mr. Maunz contends he has been denied, 28 U.S.C. §§ 211-541, are not relevant to the issue of exhaustion of state remedies.  Thus, there is no indication that Mr. Maunz has been denied access to any relevant statutes.  Instead, it appears to the court that the section numbers Mr. Maunz references may be section numbers for notes of decisions in the annotations to 28 U.S.C. § 2254 rather than statutory sections within Title 28.

In any event, Mr. Maunz fails to clarify what additional arguments he seeks to research or how those arguments are relevant to the issue of exhaustion of state remedies.  Mr. Maunz concedes that case number 12CA0728, his direct appeal from the judgment of conviction, remains pending in the Colorado Court of Appeals (*see* ECF No. 42 at 4), and he argues in multiple filings (*see, e.g.*, ECF Nos. 29, 36, 37, 38, & 42), that he has exhausted state remedies by filing a petition for review in the Colorado Supreme Court in case number 2012SC877.  If Mr. Maunz intends to argue that he has exhausted state remedies in some other proceeding, it is not clear what other proceeding he may have filed.  Furthermore, Mr. Maunz does not need to conduct additional legal research to list the state court proceedings he has filed.

In conclusion, Mr. Maunz fails to demonstrate he has been denied access to any

specific legal research material relevant to his efforts to exhaust state remedies. However, Mr. Maunz will be given one more opportunity to file any further reply to Respondents' argument that this habeas corpus action should be dismissed for failure to exhaust state remedies. Accordingly, it is

ORDERED that Applicant's "Motion for Amended Stay of Proceedings" (ECF No. 42) is DENIED. It is

FURTHER ORDERED that Applicant's "Motion for Extension/Enlargement (Estoppel)" (ECF No. 43) is GRANTED. It is

FURTHER ORDERED that Applicant shall have up to and including **May 10, 2013**, to file any further reply to Respondents' Pre-Answer Response.

DATED April 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge