IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02225-BNB

WILLIAM A. MAUNZ,

    Applicant,

v.

DAVID M. ZUPAN, Warden, San Carlos Correctional Facility, CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

Applicant, William A. Maunz, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the San Carlos Correctional Facility in Pueblo, Colorado. This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 29) filed *pro se* by Mr. Maunz on January 18, 2013. Mr. Maunz is challenging the validity of his conviction in case number 10CR1101 in the Denver District Court.

The Court must construe the amended application and other papers filed by Mr. Maunz liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

Mr. Maunz was convicted by a jury of second degree burglary and third degree

criminal trespass, and he currently is serving a sentence of five years in prison. (*See* ECF No. 35-1 at 12.) He specifically asserts two claims for relief in the amended application. Mr. Maunz first claims that his constitutional right to a speedy trial was violated because, although he was arrested on March 5, 2010, and entered a plea of not guilty on May 4, 2010, his trial did not commence until January 11, 2012. Mr. Maunz alleges in his second claim that his Eighth Amendment rights were violated because he was subjected to excessive bail and he was tried under duress after being assaulted by a deputy sheriff the day his trial commenced. Following his conviction, Mr. Maunz filed a direct appeal. (*See* ECF No 35-1 at 9.) The case number for the direct appeal is 12CA0728. The parties agree that the direct appeal filed by Mr. Maunz in case number 12CA0728 remains pending in the Colorado Court of Appeals. Mr. Maunz also has challenged the validity of his conviction in state court by seeking relief in the Colorado Supreme Court in case number 2012SC877. On January 8, 2013, the Colorado Supreme Court denied the petition Mr. Maunz filed in case number 2012SC877. (*See* ECF No. 29 at 17.)

On February 12, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On February 27, 2013, Respondents filed a Pre-Answer Response (ECF No. 35) arguing that the amended application should be denied without prejudice for failure to exhaust state remedies.

Mr. Maunz asserts in the amended application that he has exhausted state

remedies by seeking review in the Colorado Supreme Court in case number 2012SC877.  (*See* ECF No. 29 at 16-17.)  On March 4, 2013, Mr. Maunz filed a Pre-Answer Response Reply (ECF No. 37) in which he reiterates that he has exhausted state remedies by seeking review in the Colorado Supreme Court in case number 2012SC877.  Mr. Maunz also filed on March 4, 2013, a motion for extension of time (ECF No. 38) to file a reply to the Pre-Answer Response and a document titled "Petition/Motion for Question of Law" (ECF No. 36) in which he stated he was filing a reply prior to receiving the Pre-Answer Response.  On March 7, 2013, Magistrate Judge Boland granted Mr. Maunz an extension of time until April 15, 2013, to file a reply to the Pre-Answer Response.

On April 1, 2013, Mr. Maunz filed a Motion for Stay of Proceedings (ECF No. 40) alleging that he is unable to demonstrate he has exhausted state remedies because his request for photocopies of certain statutes was denied by a prison official.  On April 2, 2013, Magistrate Judge Boland entered a minute order denying the Motion for Stay of Proceedings because it was "not clear what additional legal research is necessary and the documentation Applicant provides indicates he can resubmit his legal research request."  (ECF No. 41.)

On April 11, 2013, Mr. Maunz filed another motion seeking a stay of these proceedings (ECF No. 42) because he allegedly is unable to obtain the legal research materials he needs to demonstrate he has exhausted state remedies.  Mr. Maunz clarified in the April 11 motion that, although he has received copies of Title 28 U.S.C. §§ 2201 and higher, he has not been provided with "Title 28 U.S.C. § sections 211-541 that apply to exhaustion of state remedies."  (ECF No. 42 at 2.)  Mr. Maunz also

reiterates in the April 11 motion his argument that he has exhausted state remedies because he sought review in the Colorado Supreme Court in case number 2012SC877. (*See id.* at 5, 8-9.)  On April 19, 2013, Mr. Maunz filed a "Motion for Extension/Enlargement (Estoppel)" (ECF No. 43) in which he again alleges he is unable to obtain the legal research materials he needs to demonstrate he has exhausted state remedies because he is locked down twenty-three hours each day and his only access to legal research materials is through written requests.

On April 22, 2013, Magistrate Judge Boland entered an order denying the amended motion for a stay and granting Mr. Maunz an extension of time until May 10, 2013, to file any further reply to Respondents' argument that this habeas corpus action should be dismissed for failure to exhaust state remedies.  Magistrate Judge Boland acknowledged Mr. Maunz's repeated argument that he has exhausted state remedies by filing a petition for review in the Colorado Supreme Court in case number 2012SC877 and noted that Mr. Maunz did not need to conduct additional legal research to identify any other proceeding he has filed that might satisfy the exhaustion requirement.  Magistrate Judge Boland also noted that Mr. Maunz still failed to clarify what additional arguments he seeks to research or how those arguments are relevant to the issue of exhaustion of state remedies and, as a result, he failed to demonstrate he has been denied access to any specific legal research material relevant to his efforts to exhaust state remedies.

On May 6, 2013, Mr. Maunz filed a "Motion to Toll Extension/Enlargement" (ECF No. 45) in which he seeks another extension of time until May 15, 2013, to file a reply although it is not clear why he is requesting that extension.  Mr. Maunz also filed on May

6, 2013, a "Motion to Dismiss (Vacate) the Colorado Attorney General Office Objection of Applicant's Petition/Motion (lack of) Prima Facie, on There [sic] Pre-Answer Response" (ECF No. 46) in which he contends that Respondents have no valid legal reason to argue he has failed to exhaust state remedies.

On May 13, 2013, Mr. Maunz filed another motion for an extension of time that is titled "Motion for Extension/Enlargement, Applicant's Clarification of Intent, (" " Abeyance)" (ECF No. 47).  Mr. Maunz asserts in the May 13 motion that he is seeking another extension of time because he is locked down twenty-three hours a day and he is

> unable to get supporting annotated notes, statutes or rules, that support his claim that he has exhausted state remedies in the Supreme Court of Colo. because of the Law Library assistant, hisp./female, does not supply the applicant with what he submitts [sic] on an inmate law library request form (pink), then writes an [sic] reply that she does.

(ECF No. 47 at 3.)  Mr. Maunz again asserts in the May 13 motion that he has exhausted state remedies by filing a petition for review in the Colorado Supreme Court in case number 2012SC877.  (*See id.* at 4.)

The May 6 and May 13 motions for an extension of time will be denied because Mr. Maunz fails to present good cause for a further extension of time.  In particular, Mr. Maunz fails to identify any additional arguments he seeks to research that might be relevant to the issue of exhaustion of state remedies.  Furthermore, because the Court rejects Mr. Maunz's argument that he has exhausted state remedies by filing a petition for review in the Colorado Supreme Court in case number 2012SC877, which is the only argument Mr. Maunz makes regarding exhaustion, the Court finds that any further

extensions of time would be futile. The May 6 motion to dismiss also will be denied and the Court will consider the exhaustion argument raised by Respondents in their Pre-Answer Response.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Maunz has failed to exhaust state remedies. First, there is no dispute that case number 12CA0728, Mr. Maunz's direct appeal from the judgment of conviction, remains pending in the Colorado Court of Appeals. The Court also finds that the petition Mr. Maunz filed in the Colorado Supreme Court in case number 2012SC877 does not satisfy the fair presentation requirement.

Mr. Maunz contends that he filed case number 2012SC877 pursuant to Rule 50(a) of the Colorado Appellate Rules. Rule 50(a) allows a party to seek a writ of certiorari in the Colorado Supreme Court before the Colorado Court of Appeals has rendered judgment in the same case if certain conditions are met. *See* C.A.R. 50(a). Because his direct appeal was pending and it was not clear when Mr. Maunz sought review in the Colorado Supreme Court whether he was filing a petition for writ of certiorari pursuant to C.A.R. 52(b) or seeking relief under C.A.R. 50, the Colorado Supreme Court issued an order on October 25, 2012, directing Mr. Maunz to clarify

> (1) whether his pleading is a petition for certiorari review pursuant to C.A.R. 52(b), in which case he shall also explain why this Court has jurisdiction over the petition in light of the fact that the Court of Appeals has not yet rendered judgment; or (2) whether the petition seeks review of the judgment of conviction [pursuant to C.A.R. 50] before the Court of Appeals issues an opinion in Case No. 12CA0728, in which case he shall explain why such review is warranted.

(ECF No. 35-3 at 3.) At the time the Colorado Supreme Court entered this order on

October 25, 2012, no case number had been assigned. Ultimately, the Colorado Supreme Court assigned the matter case number 2012SC877, construed the petition Mr. Maunz filed as being asserted pursuant to C.A.R. 21, and denied the petition on January 8, 2013, without addressing the merits of the claims Mr. Maunz raised. (*See* ECF No. 29 at 17.)

The petition Mr. Maunz filed in the Colorado Supreme Court does not satisfy the fair presentation requirement because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (internal quotation marks and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). As noted above, the Colorado Supreme Court construed Mr. Maunz's filing in case number 2012SC877 as a petition pursuant to Colorado Appellate Rule 21. The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* C.A.R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Colorado Appellate Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . ., is available." C.A.R. 21(a)(1). As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

In conclusion, the Court finds that Mr. Maunz fails to satisfy his burden of showing he has exhausted the available state remedies because he did not fairly present his claims to the Colorado Supreme Court when he attempted to circumvent the direct appeal process. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Applicant's "Motion to Toll Extension/Enlargement" (ECF No. 45), Applicant's "Motion to Dismiss (Vacate) the Colorado Attorney General Office Objection of Applicant's Petition/Motion (lack of) Prima Facie, on There [sic] Pre-Answer Response" (ECF No. 46), and Applicant's "Motion for Extension/Enlargement, Applicant's Clarification of Intent, (" " Abeyance)" (ECF No. 47) are DENIED. It is

FURTHER ORDERED that the amended habeas corpus application (ECF No. 29) is DENIED and the action is DISMISSED without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of      May         , 2013.

BY THE COURT:

  s/Lewis T. Babcock           
LEWIS T. BABCOCK, Senior Judge
United States District Court